**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-00007-02/03/06/07-CR-W-FJG |
| ) | |
| RAYMOND W. ZWEGO, JR., et al, ) | |
| Defendants. ) | |

# <u>ORDER</u>

Currently pending before the Court is Defendant Kinman's Motion to Strike Government's Experts (Doc. No. 133); Defendant Peterson's Motion to Strike Government's Experts (Doc. No. 141); and Defendants Shields and Cardarella's Motion to Strike Government's Experts (Doc. No. 145). The Government seeks to admit two expert witnesses at trial: (1) Sandra Gail Thomas, Vice-President of Compliance for Indy Mac Bank and (2) Kellee Dunn-Walters, employee at Chicago Title Company. The Government also proposes many fact witnesses who will testify regarding the 5034 Sunset Drive transaction. Defendants' motions seek to strike these experts and witnesses, or in the alternative, hold a Daubert hearing. Each motion will be considered below.

**A.   Defendant Kinman's Motion to Strike Government's Experts (Doc. No. 133)**

Defendant Kinman argues Government's experts should be stricken because (1) notice is deficient, and (2) the proposed experts are not proper under the standards established by federal rules and case law.

First, Kinman argues the government notice is deficient because it does not adequately state the necessary information under Rule 16. Under Rule 16(a)(1)(G), the Government must give to the defendant a written summary of any testimony that the

government intends to uses under Rules 702, 703, or 705 of the Federal Rules of Evidence. "The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Kinman argues the Government provided nothing to substantiate the claim that Ms. Thomas is possessed with such knowledge and expertise to provide the testimony proffered concerning mortgage brokers. Kinman further states that the Government's notice fails to specifically indicate what will be said by Ms. Thomas.

Second, Kinman argues Ms. Thomas is not an expert and her testimony would be irrelevant and prejudicial. Kinman asserts Ms. Thomas's testimony is irrelevant because the crux of this case is what Fieldstone Mortgage requested and received in terms of information and the Government already has factual witnesses who will testify about the exchanges of information.

Finally, Kinman contends that the numerous Fieldstone Mortgage employees the Government identifies are not experts. Again, Kinman attacks the Government's notice provided about these employees. Kinman admits Fieldstone Mortgage employees can testify about the factual events concerning the loan for 5034 Sunset, but asserts these individuals are not experts under the Federal Rules of Evidence. Kinman argues expert opinion should not be permitted from these factual witnesses. Kinman further states that if the Court disagrees with his position, then he asks the Court for the following Soldi Financial employees to be offered as experts: Michael McNellis, Don Maske, Kris Plumhoff, John Moos, Angela Hoffman, Jill Strueby, and Mr. Kinman.

## B. Defendant Peterson's Motion to Strike Government's Experts (Doc. No. 141)

Defendant Peterson sets forth similar arguments as Kinman. Peterson also argues the Government's expert witness summary does not meet Rule 16 disclosure requirements because the Government does not disclose the opinions or the bases for those opinions. Even if the Government provides a proper summary, Peterson believes such testimony is irrelevant to a jury determination of the issue. Peterson is unsure how "expert testimony as to unrelated, uncharged transactions" is relevant to the pending charges.

Lastly, Peterson argues the proposed expert witness testimony should be excluded under Rule 403. Peterson states having the experts testify that the transaction was "suspect" and "raised red flags" is "nothing more than an attempt by the Government to use the knowledge and intent possessed by purported experts in an attempt to transfer that knowledge and intent to Peterson and other defendants." Peterson notes that "what may raise red flags or be suspect in the mind of one witness does not necessarily do so with another witness, and certainly does not rise to the level of expert testimony." Peterson contends that such testimony will confuse the issues for the jury.

In the alternative, Mr. Peterson requests the Court to direct the Government to fulfill its duties under Rule 16 regarding expert disclosure and hold a Daubert hearing.

## C. Defendants Shields and Cardarella's Motion to Strike Government's Experts (Doc. No. 145)

Defendants Shields and Cardarella adopt and join the arguments made by Kinman and Peterson. Defendants further argue this "so-called expert testimony is improper speculation as to the state of mind of Shields and Cardarella" and that only the jury is

3

entitled to draw such conclusions from the admissible evidence as presented at trial. Defendants also state that it is one thing for Ms. Koehler, for example, to testify as to the facts of this transaction, but it is another for the Government to ask for her opinion on the normal manner in which such transactions occur and her concerns about the transaction. Defendants state that Koehler's concerns have nothing to do with the crime charged.

Finally, defendants argue that the Government seeks to have these witnesses tell the jury what result to reach as well as tell the jury what defendants should have known or must have intended, which in their view is inappropriate.

In response to defendants' motions to strike discussed above, Government first responds that defendants delayed until Friday, May 25, 2007 to inform the Government of their concerns regarding the experts. The Government notes it timely provided its expert witness disclosures on Friday, May 18, 2007. The Government responds to defendants' argument that its notice was deficient in stating it would be happy to cure the deficiency problems by providing a better description of the testimony, providing a CV, and refers them to the case of United States v. Barber where the Government's experts previously testified. Government states it is willing to work with defense counsel to resolve their concerns as to notice under Rule 16.

Second, the Government asserts it is unnecessary to hold a Daubert hearing when the Government's experts have previously testified in this Court. The Government also notes it has only identified Ms. Dunn-Walters and Ms. Thomas as experts and that the Fieldstone Mortgage employees are not experts and are only fact proposed witnesses. For example, the government states that Lance Looney, Fieldstone Mortgage employee, will be asked about the real estate contract defendant Kinman presented to him. Next, the

4

Government states Looney will be asked if he would have processed the loan application based on that sales contract any differently if he had known that the signatures of defendants Cardarella, Shields, and the Barshaws were all forgeries.

The Government disagrees with defendants' argument that the experts will testify as to the state of mind of defendants. Government states "no expert witness will be asked to opine on whether any of the defendants did or did not have the mental state or condition constituting an element of the crimes charged."

Because Ms. Dunn-Walters and Ms. Thomas have previously testified in this Court as mixed fact/expert witnesses in United States v. Barber, Case No. 04-00325-01-CR-FJG, the Court hereby **DENIES** defendants' request to conduct a Daubert hearing as to these expert witnesses. Further, since the Government offered to cure the deficiency problems associated with its notice of its expert and fact witnesses, defendant Kinman's argument on this issue is moot.

The Court disagrees with defendants' objections that the Government's proposed fact witnesses are essentially experts posed as fact witnesses and should be excluded. The Government seeks to offer the following witnesses as fact witnesses: John Edwards, real estate agent at Prudential Real Estate; Susan Fate, real estate agent at Reece and Nichols Residential Real Estate; Kathleen Koehler, real estate agent at Reece Nichols; James Vogel, employee at Fieldstone Mortgage; Kim LaJoyce Andgerson, employee at Fieldstone Mortgage; Scott Earl Ekman, closer at Fieldstone Mortgage; Lance James Looney, account executive at Fieldstone Mortgage; Victoria Staggs, loan underwriter at Fieldstone Mortgage; and Charis Winstead, employee at Fieldstone Mortgage. Based on the Government's Proposed Order of Proof submitted to the Court for its review, the Court

5

concludes that the nature and substance of the testimony of these latter fact witnesses do not amount to expert opinion. The Government's Order of Proof demonstrates that these fact witnesses will testify regarding their knowledge of the transaction involving 5034 Sunset Avenue. For example, the Government states that Kathleen Koehler, a listing real estate agent, listed defendants' Cardarella and Shields' property for $699. 950 and she will testify regarding the transaction presented to her company. The Court does not consider such testimony to be expert opinion.

Additionally, the Court disagrees that asking fact witnesses such as Ms. Koehler about her concerns with the transaction and how such transactions operate relates to the defendants' state of mind. The Court does, however, note that if any of these fact witnesses are providing testimony at trial which defendants consider to be expert opinion, then defendants may renew their objections at trial. Moreover, if defendants consider certain statements made by these fact witnesses at trial to be irrelevant, then these objections should also be raised during trial.

Accordingly, for the foregoing reasons, the Court hereby **DENIES** Defendant Kinman's Motion to Strike Government's Experts (Doc. No. 133); Defendant Peterson's Motion to Strike Government's Experts (Doc. No. 141); and Defendants Shields' and Cardarella's Motion to Strike Government's Experts (Doc. No. 145).

**IT IS SO ORDERED.**

Date: 10/16/07                                        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                                                  Chief United States District Judge