# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONTY J. KINMAN, )<br>Defendant. ) | No. 07-00007-06-CR-W-FJG |

## ORDER

Currently pending before the Court is defendant Monty Kinman's ("Kinman") Motion for Judgment of Acquittal (Doc. No. 329) and Motion for New Trial (Doc. No. 330). Each motion will be considered below.

**I.    BACKGROUND**

Following a two-week trial, the jury returned a guilty verdict as to defendant Kinman on November 7, 2007. The jury found defendant Kinman guilty on Count One of the Indictment for conspiracy to commit wire fraud and guilty on Counts Two through Nine, Eleven, and Twelve for wire fraud. The jury also convicted co-defendant Rick A. Peterson of conspiracy and wire fraud charges. The jury acquitted co-defendants Phillip Cardarella and Katheryn Shields.

Defendant Kinman, a mortgage broker working for Soldi Financial in Overland Park, Kansas, was found to have knowingly agreed to participate in a criminal conspiracy to obtain money from Fieldstone Mortgage Corporation by material false and fraudulent means and to commit wire fraud as part of a scheme to defraud. Kinman was also found guilty of eleven separate counts of wire fraud, premised on wire communications beginning on September 26, 2006 and concluding on November 17, 2006. The wire fraud charges

are based on the alleged scheme to defraud Fieldstone Mortgage. All the charges against Kinman relate to the sale of the house located at 5034 Sunset Drive in Kansas City, Missouri.

## II. STANDARD OF REVIEW

### A. Standard of Review Motion for Judgment of Acquittal

Fed. R. Crim. P. 29(a) provides that the district court "must enter judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "When considering whether there is sufficient evidence to support a conviction, we view the evidence in the light most favorable to the verdict, giving it the benefit of all reasonable inferences. United States v. Monnier, 412 F.3d 859, 861 (8th Cir. 2005)(quoting United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003))(internal quotations omitted). A district court should only grant a motion for judgment of acquittal "if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (quoting United States v. Gomez, 165 F.3d 650, 654 (8th Cir. 1999))(internal quotations omitted). The test is whether "a reasonable fact finder could have found guilt beyond a reasonable doubt." United States v. Garrett, 948 F.2d 474, 476 (8th Cir. 1991)(quoting United States v. Foote, 898 F.2d 659, 663 (8th Cir. 1990), cert denied, 112 L. Ed. 2d 81, 111 S. Ct. 112 and 111 S. Ct. 342, 112 L. Ed. 307 (1990))(internal quotations omitted).

In United States v. Baker, 367 F.3d 790, 797-98 (8th Cir. 2004), the Eighth Circuit cautioned that the district court has limited latitude in ruling on a motion for judgment of acquittal and that the district court should be careful not to weigh the evidence or assess

2

the credibility of witnesses. The Court in Baker stated as follows:

> A district court has very limited latitude in ruling upon a motion for judgment of acquittal. A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged. The evidence need not exclude every reasonable hypothesis except guilt; the essential elements of the crime may be proven by circumstantial as well as direct evidence. This standard of review applies both to appeals from the denial and the grant of a motion for judgment of acquittal. In ruling upon a motion for judgment of acquittal, the district court is not to weigh the evidence or assess the credibility of witnesses. This narrowly-constricted power of review is in contrast to the district court's broad discretion in ruling upon a motion for new trial.

Id., (quoting United States v. Bennett, 956 F.2d 1476, 1481 (8th Cir. 1992)).

**B.   Standard of Review for Motion for a New Trial**

Under Fed. R. Crim. P. 33(a), "court may vacate any judgment and grant a new trial if the interest of justice so requires." Where a defendant moves for a new trial on the grounds that the verdict is contrary to the weight of the evidence, a district court should grant the motion if the evidence weighs heavily enough against the verdict that the district court believes that a miscarriage of justice may have occurred. See United States v. Huerta-Orozco, 272 F.3d 561, 565 (8th Cir. 2001). "In making this determination, the court need not view the evidence in the light most favorable to the government, but may instead weigh the evidence and evaluate for itself the credibility of the witnesses." Id. (quoting United States v. Lacey, 219 F.3d 779, 783-84 (8th Cir. 2000))(internal quotations omitted). "While the authority to set aside a jury verdict and grant a new trial should be exercised sparingly and with caution, the trial court has wide discretion in deciding whether to grant a new trial in the interest of justice." Huerta-Orozco, 272 F.3d at 566 (internal citations omitted).

3

## IV. DISCUSSION

### A. Motion for Judgment of Acquittal (Doc. No. 329)

Kinman seeks a judgment of acquittal because the evidence fails to prove the following beyond a reasonable doubt: (1) the evidence did not establish an illicit agreement on the part of Kinman to participate in a criminal conspiracy, and (2) the evidence did not establish that Kinman possessed the requisite intent to defraud. First, Kinman asserts that at best, the government's evidence demonstrated that Kinman knew that Zwego would receive money for coordinating the acquisition of 5034 Sunset Drive. Kinman argues, however, that knowledge of the fee is insufficient to link him to the conspiracy as Zwego's receipt of a fee is not illegal. Further, Kinman notes that he was never apprised of the amount of the fee. Thus, Kinman argues the evidence failed to establish Kinman's participation in the conspiracy.

Second, Kinman asserts that no intent can be inferred from defendant's actions in this case as numerous other individuals were involved in processing the loan for 5034 Sunset Drive and also knew about Zwego's involvement with the loan and the borrowers. Kinman also points to other facts such as that Kinman had no involvement in the appraisal process or in drafting the CPA letters. In addition, Kinman states he was out of town for two weeks when pertinent documents were being handled. Thus, Kinman argues there is no evidence of his intent to defraud the lender.

The government responds that it was not required to produce direct evidence that Kinman participated in a criminal conspiracy with defendant Zwego. The government argues that the combined facts and circumstances of how Kinman submitted the loan

application to Fieldstone Mortgage Corp. are more than sufficient to establish both Kinman's knowledge of the conspiracy and his knowing participation in a conspiracy to submit false statements to a lender.

The Court agrees with the government that the facts and circumstances presented by the evidence in this case could lead a reasonable fact finder to find guilt beyond a reasonable doubt. While defendant Kinman presented an interpretation of the evidence which he believes leads to a finding of not guilty, the Court concludes that there is a reasonable interpretation of the evidence that a reasonable fact finder could find otherwise.

Further, direct evidence of the explicit agreement is not necessary to prove that one was a member of the conspiracy. United States v. Winston, 456 F.3d 861, 866 (8th Cir. 2006). Rather, "'a tacit understanding' among co-conspirators may be, and often will be, inferred from circumstantial evidence. " Id. (internal citations omitted). "In many conspiracy cases there is no confession by the defendant or other direct proof that he agreed to the illegal act. However, the jury is free to consider all the evidence--direct and indirect-- presented of the defendant's statements and actions." Id. (internal citations omitted). Thus, a reasonable fact finder may conclude that the facts and testimony of how Kinman processed the loan is enough circumstantial evidence to demonstrate Kinman's tacit understanding of the conspiracy.

Accordingly, the Court hereby **DENIES** Kinman's motion for judgment of acquittal (Doc. No. 329).

### B. Motion for a New Trial (Doc. No. 330)

Kinman argues that the jury verdict rendered in this case are contrary to the weight

5

of the evidence, which warrants a new trial in the interest of justice. The government responds that the evidence presented in this case provided ample support for the jury's guilty verdict. The government states that Kinman presented a factual defense that suggested no wrongdoing while the government presented a competing set of facts which suggested Kinman committed criminal acts. Thus, the government argues that the jury had a choice of which scenario it believed based on the evidence and the jury's conclusion should not be set aside.

The Court finds that the jury's verdict is not contrary to the weight of the evidence such that a miscarriage of justice has occurred. The Court concludes there was more than sufficient evidence to support the jury's verdict of guilt beyond a reasonable doubt. Therefore, the Court hereby **DENIES** Kinman's motion for a new trial (Doc. No. 330).

## V. CONCLUSION

For the foregoing reasons, defendant Monty Kinman's Motion for Judgment of Acquittal (Doc. No. 329) and Motion for New Trial (Doc. No. 330) are **DENIED**.

**IT IS SO ORDERED.**

Date: 2/8/08　　　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge